**Laura THOMAS and Adaire Stewart, Appellants,**

v.

**McKEEVER'S ENTERPRISES, INC., Respondent.**

No. WD 73675.

Missouri Court of Appeals, Western District.

Oct. 9, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 2012.

Application for Transfer Denied Jan. 29, 2013.

Anne W. Schiavone, Matt J. O'Laughlin, Kansas City, Amy K. Maloney, for Appellants.

Paul D. Seyferth, Michael L. Blumenthal, Brent N. Coverdale, Kansas City, for Respondent.

Before Division One: JOSEPH M. ELLIS, Presiding Judge, JAMES E. WELSH, Judge and ALOK AHUJA, Judge.

JOSEPH M. ELLIS, Judge.

Appellants Laura Thomas and Adaire Stewart appeal from a judgment entered by the Circuit Court of Jackson County in favor of Respondent McKeever's Enterprises Inc., d/b/a McKeever's Price Chopper, on Appellants' age discrimination claims. For the following reasons, the judgment is reversed, and the cause remanded for a new trial.

On July 16, 2008, Appellants were discharged from their positions as pharmacy technicians at Respondent's pharmacy. At the time Appellants were discharged, they were both over the age of forty. On August 12, 2009, each Appellant filed a petition against Respondent in the Circuit Court of Jackson County alleging age discrimination in violation of the Missouri Human Rights Act ("MHRA"), § 213.010 *et seq.*[1] The two cases were later consolidated for trial.

On January 24, 2011, a jury trial commenced on Appellants' age discrimination claims. At the close of evidence on January 28, 2011, the trial court submitted Missouri Approved Instruction 31.24[2] as the verdict director, which stated:

Your verdict must be for plaintiff if you believe:

First, defendant discharged plaintiff, and

Second, plaintiff's age was a contributing factor in such discharge, and

Third, as a direct result of such conduct, plaintiff sustained damage.

The parties then proceeded to closing argument.

During Respondent's closing argument, Respondent's counsel made several statements that the real issue for the jury to decide was whether Appellants would still be working for Respondent *but for* their age. Appellants' counsel did not object to these statements.

In Appellants' rebuttal to Respondent's closing argument, Appellants' counsel stated she did not know where the "but for" language used by Respondent's counsel came from. Respondent objected to Appellants' counsel's statement as a gross misstatement of the law, and the trial court sustained Respondent's objection. The trial court then issued an oral, curative instruction regarding "but for" causation.

After Appellants' counsel concluded her rebuttal, the jury retired to deliberate. The jury began deliberating at 4:38 p.m. At 5:21 p.m., the jury returned verdicts in favor of Respondent on each Appellant's age discrimination claim, and the trial court entered its judgment accordingly. On February 10, 2011, Appellants filed a motion for new trial. In their motion, Appellants alleged instructional error resulted from the curative instruction given by the trial court because Appellants were not required to prove "but for" causation, as the trial court stated in its curative instruction; rather, Appellants averred that they needed to establish only that age

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. MAI 31.24 has now been designated as MAI 38.01. However, because it was designated as MAI 31.24 during Appellants' trial and when the case was appealed to this court, we will continue to refer to it as MAI 31.24 for purposes of this opinion.

210

was a contributing factor in Respondent's decision to terminate Appellants' employment. The trial court denied Appellants' motion for new trial, concluding that its curative instruction was necessary and did not misstate the law. Appellants now appeal from the trial court's judgment.

In their sole point on appeal, Appellants assert that the trial court erred in denying them a new trial because the trial court's curative instruction was a misstatement of the law. More specifically, Appellants contend they are entitled to a new trial because the trial court's curative instruction substituted the incorrect standard that they prove "but for" their ages they would not have been discharged for the correct standard set forth in MAI 31.24, which requires only that they prove that their ages were a "contributing factor" in their discharges. Appellants further argue that the curative instruction violated MAI's prohibition on additional instructions where there is an applicable MAI, and that the trial court's curative instruction confused and mislead the jury.

■■■ "The standard of review for an order denying a motion for new trial is abuse of discretion." *In re H.L.L.*, 179 S.W.3d 894, 896 (Mo. banc 2005). "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Anglim v. Missouri Pacific R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992) "Under the abuse of discretion standard, we will only reverse the trial court's decision if there is a substantial or glaring injustice." *Burrows v. Union Pac. R.R. Co.*, 218 S.W.3d 527, 533 (Mo.App. E.D.2007). "We defer more to a trial court sustaining a motion for a new trial than we do to a trial court that has denied such a motion." *Bean v. Superior*

*Bowen Asphalt Co., LLC,* 340 S.W.3d 275, 278 (Mo.App. W.D.2011).

■■ On appeal, Appellants assert that the trial court's curative instruction amounted to a misstatement of the law. During Respondent's closing argument, Respondent's counsel made the following three statements regarding "but for" causation:

(1) Here's the issue I want you to think about when you're thinking about this contributing factor. Because the question really is: *But for* [Appellants'] age, would they still have been working at McKeever's? *But for* the [Appellants'] age, would they still be working at McKeever's?

(2) *But for* [Appellants'] ages, they would have still been working there. That's what the law is in this area.

(3) And I'll—again, I want you to think of this. The question is: *But for* their ages would they have been kept when this decision was made?

(Emphasis added). Appellants did not object to any of these three statements when they were made by Respondent's counsel.

During Appellants' rebuttal to Respondent's closing argument, Appellants' counsel stated:

I'm going to show you the prism through which you have to view the facts and all the circumstances of this case.... If this is our circle of facts, contributing factors—that language here in the instruction. There's this—I think [Respondent's counsel] used this but-for language, and I don't know where that comes from.

Respondent objected on grounds that Appellants' counsel had misstated the law. The trial court sustained the objection and issued the following oral curative instruction:

Ladies and gentlemen, I have sustained an objection to the last comment by counsel. Under the law, the [Appellants] are required to prove that *but for* the—their age in this case, they would not have been terminated.

(Emphasis added). Appellants did not object to the trial court's curative instruction prior to the case being submitted to the jury. Appellants, however, did raise the issue in their motion for new trial, asserting as they do on appeal that the trial court misdirected the jury with its curative instruction that was inconsistent with MAI 31.24, which had previously been given to the jury. Respondents argue that by failing to object at trial, Appellants failed to properly preserve the issue for appellate review, as such "[o]bjection[s] cannot be raised for the first time in a motion for new trial." *McGinnis v. Northland Ready Mix, Inc.*, 344 S.W.3d 804, 816 (Mo.App. W.D.2011) (internal quotation omitted).

In the circumstances of this case, the Appellants' point on appeal is properly preserved for appellate review. As noted above, Appellants chose not to object to the comments made by Respondent's counsel during his closing argument regarding "but for" causation. Rather, in rebuttal, Appellants' counsel began attempting to rebut Respondent's argument by talking about the standard set forth in the verdict director, MAI 31.24, that had previously been read to the jury by the trial court. As counsel tells the jury that "this is our circle of facts, contributing factors—that language here in the instruction," counsel then says "I think [Respondent's counsel] used this but-for language, and I don't know where that comes from." At this point, before Appellants' counsel could fin-

ish her sentence, Respondent's attorney objected and requested the curative instruction. And after brief arguments, the trial court gave its curative instruction.

In these circumstances, there was nothing for the Appellants to object to; the court was making its ruling on Respondent's objection and giving the curative instruction was part of that ruling. Respondent's counsel argued but for causation in closing. Appellants did not object to those arguments. On rebuttal, Appellants' counsel was responding to those arguments and clearly intending to emphasize the verdict director's use of the phrase "contributing factor," and that nothing in the verdict director refers to "but for" causation. In effect, counsel's argument was "jurors, Respondent talked about but for—I don't know where that comes from—it's not in this instruction the court gave you, it says contributing factor." But before counsel could even complete the thought, immediately upon counsel uttering the words "I don't know where that comes from," [3] Respondent objected. After brief argument by the parties, the trial court sustained Respondent's objection and gave its curative instruction. Accordingly, there was no action required, nor any that Appellants reasonably could have taken, to preserve the issue for appeal other than raising it in the motion for new trial.

Appellants contend that by giving a curative instruction containing the "but for" language, the trial court committed reversible error by giving an instruction contrary to the mandatory MAI instruction in MHRA cases. Appellants note "that where an MAI instruction applies to the

---

**3.** Counsel's choice of words—"I don't know where that comes from"—in trying to make her point that the jury should focus on the instruction given by the court, MAI 31.24, was poor. Thus, Respondent's objection was,

perhaps, appropriate, and the trial court sustaining that objection certainly would not be an abuse of discretion. As discussed, *infra*, however, the issue is the trial court's curative instruction.

case, the use of such instruction is mandatory," *Syn, Inc. v. Beebe*, 200 S.W.3d 122, 128 (Mo.App. W.D.2006), and that MAI instructions " '*shall be given to the exclusion of any other instructions on the same subject.*' " *Mathes v. Sher Express, L.L.C.*, 200 S.W.3d 97, 105 (Mo.App. W.D.2006) (quoting Rule 70.02(b)) (emphasis added).

Respondent counters by asserting that MAI contemplates that closing arguments will inform the jury of rules of law applicable to the case and that but for causation is the legal standard in Missouri for causation in fact. Respondent argues that its comments to the jury were correct legal statements and that the trial court's curative instruction, likewise, properly informed the jury regarding Missouri law.

The parties' arguments present fundamental questions regarding causation in MHRA age discrimination cases. And causation in tort cases, as Prosser observed long ago, has caused more disagreement and differing opinions among judges, lawyers, and legal scholars than anything else in the entire field of law. *Prosser and Keeton on Torts*, § 41 at 263 (5th ed.1984).

 In a traditional tort case, "a plaintiff must prove both causation in fact and proximate cause." *Richey v. Philipp*, 259 S.W.3d 1, 8 (Mo.App. W.D.2008). Causation in fact "is a matter upon which lay opinion is quite as competent as that of the most experienced court. For that reason, in the ordinary case, it is peculiarly a question for the jury." *Prosser and Keeton on Torts*, § 41 at 264–65 (5th ed.1984). Consistent with that observation, it is well settled in Missouri that causation in fact is an issue for the jury. *Alcorn v. Union Pacific R.R. Co.*, 50 S.W.3d 226, 239 (Mo. banc 2001) ("The question of whether an injury in fact was caused by negligence is for the jury.").

 In Missouri, the "but for" test for causation is applicable in wrongful death and all traditional tort cases except those involving two independent torts, either of which is sufficient in and of itself to cause the injury, i.e., the "two fires" cases. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 862–63 (Mo. banc 1993); *Wagner v. Bondex Int'l, Inc.*, 368 S.W.3d 340, 350 (Mo.App. W.D.2012) (declaring that in all wrongful death and traditional tort cases, "[t]he test for actual causation in fact in Missouri is 'but for' "). " '[B]ut for' causation tests for causation in fact." *Callahan*, 863 S.W.2d at 861. It is often said that "[a] defendant's conduct is *the* cause in fact of a plaintiff's injuries where the injuries would not have occurred but for that conduct." *Guffey v. Integrated Health Servs.*, 1 S.W.3d 509, 518 (Mo.App. W.D.1999) (emphasis added). More accurately, however, "[t]he 'but for' test for causation provides that the defendant's conduct is *a* cause of the event if the event would not have occurred 'but for' that conduct." *Payne v. City of St. Joseph*, 135 S.W.3d 444, 450 (Mo.App. W.D.2004) (emphasis added); *Callahan*, 863 S.W.2d at 860 (quoting *Prosser and Keeton on Torts*, § 41 at 266 (5th ed. 1984)) ("The 'but for' causation test provides that 'the defendant's conduct is *a* cause' of the event if the event would not have occurred 'but for' that conduct." (emphasis added)).

 While it is now firmly established that the but for causation test is applicable to nearly all tort cases in Missouri, it still causes confusion for lawyers and judges, just as it did in this case. This results, to a great extent, because but for is a test of submissibility, a way of viewing the sufficiency of the evidence, rather than an ultimate finding to be made by the trier of fact. " 'But for' is the minimum causation because it merely proves that defendant's conduct is causally connected to the

plaintiff's injury." *Harvey v. Washington,* 95 S.W.3d 93, 96 (Mo. banc 2003). "It 'is neither an onerous nor difficult test for causation.'" *Wagner,* 368 S.W.3d at 350 (quoting *Poloski v. Wal–Mart Stores, Inc.,* 68 S.W.3d 445, 449 (Mo.App. W.D.2001)). "'To make a prima facie showing of causation, the plaintiff must show the defendant's negligent conduct more probably than not was a cause of the injury.'" *Id.* (quoting *Sill v. Burlington N. R.R.,* 87 S.W.3d 386, 394 (Mo.App. S.D.2002)) (quoting *Nisbet v. Bucher,* 949 S.W.2d 111, 115 (Mo.App. E.D.1997)); *see also Prosser and Keeton on Torts,* § 41 at 269 (5th ed. 1984) ("The plaintiff need not negative entirely the possibility that the defendant's conduct was not a cause, and it is enough to introduce evidence from which reasonable persons may conclude that it is more probable that the event was caused by the defendant than that it was not.").

■ It is likewise "only necessary that the defendant's negligence be a cause or a contributing cause to the injury, not the exclusive cause." *Wagner,* 368 S.W.3d at 350–51 (quoting *Sill,* 87 S.W.3d at 394). *Callahan* did not mean to eliminate the possibility that two or more actors can contribute to cause a result, or that two causes that combine can constitute "but for" causation.

> The general rule is that if a defendant is negligent and his or her negligence combines with that of another, or with any other independent, intervening cause, he [or she] is liable, although his [or her] negligence was not the sole negligence or the sole proximate cause, and although his [or her] negligence, without such other independent, intervening cause, would not have produced the injury.

*Id.* at 350 (quoting *Harvey,* 95 S.W.3d at 96) (quoting *Carlson v. K–Mart Corp.,* 979 S.W.2d 145, 147 (Mo. banc 1998) (quoting

*Gaines v. Property Servicing Co.,* 276 S.W.2d 169, 173–74 (Mo. banc 1955) (quoting *Harrison v. Kansas City Elec. Light Co.,* 195 Mo. 606, 93 S.W. 951, 956–57 (1906) (citing *Newcomb v. New York Cent. & H. R.R. Co.,* 169 Mo. 409, 69 S.W. 348, 352–53 (1902))))) (internal citations and quotations omitted).

As noted by the Court in *Callahan,* in wrongful death and traditional tort actions, MAI instructs the jury in terms of "directly cause" or "directly contribute to cause" and makes no mention of "but for causation." 863 S.W.2d at 863. *Callahan* suggests that this makes the "semantics of causation ... less important in Missouri than in most jurisdictions." *Id.* While that should be true, this case illustrates why "we do not use the terms 1) 'proximate cause,' 2) 'but for causation,' or 3) 'substantial factor' when instructing the jury." *Id.*

■ It is conceded by all that Appellants were at-will employees of Respondent. "Generally, an employer may discharge an at-will employee, with or without cause, and not be subject to wrongful discharge liability." *Farrow v. St. Francis Med. Ctr.,* —— S.W.3d ——, ——, 2012 WL 2395156, at *7 (Mo.App. E.D. June 26, 2012). "MHRA modifies the at-will employment doctrine by instructing employers that they can terminate employees, but their reason for termination cannot be improper." *Fleshner v. Pepose Vision Inst., P.C.,* 304 S.W.3d 81, 94 (Mo. banc 2010). MHRA mandates, among other things, that employers may not terminate employees on the basis of their age. *Id.* MHRA cases "turn on whether an illegal factor played a role in the decision to discharge the employee." *Id.* "Under the MHRA, if ... [the] age ... of the employee was a 'contributing factor' to the discharge, then the employer has violated the MHRA. The employer's action is no less reprehensible

because that factor was not the only reason." *Id.* "The MHRA defines 'discrimination' to include '*any* unfair treatment based on . . . age as it relates to employment.'" *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 819 (Mo. banc 2007) (emphasis in original). "[I]f consideration of age . . . contributed to the unfair treatment, that is sufficient." *Id.*

"Section 213.111, RSMo 2000, creates a civil right of action for an employee against an employer for unlawful discrimination that allows an aggrieved employee to recover actual and punitive damages, court costs, and reasonable attorney fees." *Hervey v. Missouri Dep't of Corrections*, SC 92145, 379 S.W.3d 156, 160 (Mo.2012). A claim of unlawful age discrimination based on discharge pursuant to §§ 213.055 and 213.111 requires a plaintiff to show that: (1) the plaintiff is a member of a protected class; (2) the defendant discharged plaintiff; (3) plaintiff's age was a contributing factor in such discharge; and (4) plaintiff was damaged. *Id.* at 160; *Claus v. Intrigue Hotels, LLC*, 328 S.W.3d 777, 782 (Mo.App. W.D.2010); MAI 31.24. It is important to understand that the MHRA authorizes a cause of action for discriminatory employment practices, as opposed to an action for wrongful discharge. *Daugherty*, 231 S.W.3d at 819 ("Daugherty brought his claim under section 213.055, the section of the MHRA that prohibits employers from engaging in discriminatory practices."). As applicable to

the instant appeal, "[t]he MHRA defines 'discrimination' to include '*any* unfair treatment based on . . . age as it relates to employment.'" *Id.* (quoting § 213.010(5)). Thus, the crux of a cause of action under MHRA for age related employment termination is that the defendant employer discriminated against the plaintiff employee by illegally and unfairly considering plaintiff's age in making the decision to terminate. It is the consideration of plaintiff's age that constitutes the discrimination. "The employer's action is no less reprehensible because that factor was not the only reason" why plaintiff was terminated. *Fleshner*, 304 S.W.3d at 94. And it is for that reason that the Supreme Court has approved the language of MAI 31.24 that "plaintiff's age was a contributing factor in such discharge."

In the context of submissibility, then, a plaintiff makes a submissible case when he or she presents sufficient competent evidence from which a reasonable trier of fact could find that it is more likely than not that (a) plaintiff is in a protected age classification; (b) that defendant discharged plaintiff; (c) the defendant's consideration of plaintiff's age contributed to the decision to discharge plaintiff; and (d) that plaintiff was damaged.

The parties agree that MAI 31.24 is the applicable instruction to be given in MHRA age discrimination cases.[4] As previously discussed, the jury was instructed,

4. In *Hervey*, the Missouri Supreme Court held that in an MHRA case "[w]hen a plaintiff's status as a member of a protected class is in dispute, . . . the substantive law requires that the jury find, as an essential element of the plaintiff's claim, that the plaintiff is in fact a member of the protected class claimed." 379 S.W.3d at 160. The Court held that in cases where membership in a protected class is disputed, MAI 31.24 fails to adequately instruct the jury about the substantive law in the case. *Id.* The Court noted, however, that in many MHRA discrimination cases, mem-

bership in a protected class is self-evident and not in dispute, and that in those cases, "inserting the appropriate protected classification where indicated in MAI 31.24 is sufficient to fulfill the elements of the claim and instruct the jury adequately." *Id.* In the case at bar, Respondent did not dispute Appellants' membership in the protected age classification, nor did Respondent object to the verdict director on the basis that it did not require a specific finding that Appellants were members of a protected classification. Since the issue

pursuant to MAI 31.24, that its verdict must be for Appellants if it believed that Respondent discharged Appellants, age was a contributing factor in the discharge, and that, as a direct result of such conduct, Appellants sustained damage. The trial court's curative instruction, however, instructed the jury that Appellants were "required to prove that *but for* ... their age in this case, they would not have been terminated." (Emphasis added).

 Whether a jury is properly instructed is a question of law. *Rice v. Bol,* 116 S.W.3d 599, 606 (Mo.App. W.D.2003).

To reverse a jury verdict on the ground of instructional error, it must appear that the offending instruction misdirected, misled, or confused the jury, resulting in prejudice to the party challenging the instruction. In determining whether the jury was misdirected, misled or confused by an instruction is whether an average juror would correctly understand the applicable rule of law being conveyed thereby. For prejudice to be found sufficient to reverse for instructional error, the error must have materially affected the merits and outcome of the case.

*Id.* (internal citations and quotations omitted).

 "The law is well-settled that where an MAI instruction applies to the case, the use of such instruction is mandatory." *Syn, Inc.,* 200 S.W.3d at 128. " 'Whenever Missouri Approved Instructions contain an instruction applicable in a particular case that the appropriate party requests or the court decides to submit, *such instruction shall be given to the exclusion of any other instructions on the same subject.*' " *Mathes,* 200 S.W.3d at 105 (quoting *Rule 70.02(b)* ) (emphasis added).

Moreover, the Committee Comment to MAI (2012 Revision), in discussing modifications to instructions, further emphasizes:

You may have the ability to improve an instruction in MAI but you do not have the authority to do it. Do not do it. The use of a provided MAI is mandatory. If you think the change of a word or phrase will make it a better instruction, do not do it. You are falling into error if you do.

MAI, How to Use This Book, p. LI (7th ed.2012).

 In this case, the trial court, no doubt believing that Appellants' attorney was misstating the law when she stated in rebuttal, "I think [Respondent's counsel] used this but-for language, and I don't know where that comes from," sustained objection to that statement. Rather than simply informing the jury that the court had sustained the objection to the last remark by counsel and instructing the jury that they should be guided by the evidence and the court's written instructions on the law, the court chose to offer further guidance to the jury by stating:

Ladies and gentlemen, I have sustained an objection to the last comment by counsel. Under the law, the [Appellants] are required to prove that but for the—their age in this case, they would not have been terminated.

Even assuming, *arguendo,* that but for is the standard in a MHRA case, the trial court nevertheless erred by instructing the jury in a manner contrary to MAI 31.24. In doing so, the trial court failed in its duty to give the mandatory MAI to the exclusion of any other instruction on the same subject. *Mathes,* 200 S.W.3d at 105. "[W]here there is deviation from an applicable MAI instruction which does not need

was not disputed in this case, and the jury returned verdicts for the Respondent, the failure of the verdict director to require an express finding that Appellants were over the

age of forty, and therefore members of a protected classification, is not an issue in the case and could not have been prejudicial.

modification under the facts in the particular case, prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation." *Abbott v. Missouri Gas Energy*, 375 S.W.3d 104, 109 (Mo.App. W.D.2012). In this case, there has been absolutely no showing that prejudice did not result from the deviation.

Moreover, coming as it did during Appellants' rebuttal argument, only a short time after the trial court had read MAI 31.24 instructing the jurors that they must find for Appellants if they find that "age was a contributing factor in [Appellants] discharge," and moments before the jury retired for deliberation, it can hardly be said that the trial court's curative instruction was not misleading and confusing to the jury. The trial court's wording of the but for issue—"but for . . . their age . . ., they would not have been terminated"— effectively told the jury that it would not be enough for Appellants to prove that their age was an actual contributing cause of their discharge. Under the law, Appellants could prevail if the jury believed that age was a "contributing factor" in their discharge; this oral instruction said they could prevail only if the jury believed that their age was *the* cause, in and of itself, of their discharge.

"[I]nstructions to the jury that they must find the defendant's conduct to be 'the sole cause,' or 'the dominant cause,' or 'the proximate cause' of the injury are rightly condemned as misleading error." *Prosser and Keeton on Torts*, § 41 at 266 (5th ed.1984). As previously mentioned, "[t]he 'but for' causation test provides that 'the defendant's conduct is *a* cause' of the event if the event would not have occurred 'but for' that conduct." *Callahan*, 863 S.W.2d at 860 (quoting *Prosser and Keeton on Torts*, § 41 at 266 (5th ed.1984)) (emphasis added). And, as also noted *supra*, "[n]othing in this statutory language

of the MHRA requires a plaintiff to prove that discrimination was a substantial or determining factor in an employment decision; if consideration of age . . . contributed to the unfair treatment, that is sufficient." *Daugherty*, 231 S.W.3d at 819. Thus, aside from the inconsistency with MAI 31.24, and assuming for the sake of argument that "but for" causation applies in MHRA cases, the words used by the trial court amounted to a misstatement of law by implying to the jury that Appellants were required to prove that age was the sole or exclusive cause of their discharge.

█ Missouri courts have stated that terms such as "but for causation" are not to be used when instructing the jury. *See Sundermeyer v. SSM Reg'l Health Servs.*, 271 S.W.3d 552, 555 (Mo. banc 2008); *Callahan*, 863 S.W.2d at 863. "[U]nder MAI[,] we do not use the terms 1) 'proximate cause', 2) 'but for causation', or 3) 'substantial factor' when instructing the jury." *Sundermeyer*, 271 S.W.3d at 555 (quoting *Callahan*, 863 S.W.2d at 863). Such terms are the standards by which the courts determine whether a submissible case has been made, *see Callahan*, 863 S.W.2d at 863; *Hagen v. Celotex Corp.*, 816 S.W.2d 667, 673 (Mo. banc 1991), and instructing the jury by use of such terms creates the potential for confusion. *See Hagen*, 816 S.W.2d at 673. This case illustrates that potential.

We recognize that MAI contemplates that advocacy is taken out of the instructions and returned to the trial lawyers. *MAI, How to Use This Book*, p. LV (7th ed.2012). We are likewise mindful of MAI's admonishment that "the trial judge is required to be alert and judgmental during the entire course of jury arguments for misstatements of the law." *Id.* But instructing juries on "but for causation" even when concerned about a misstatement of the law should be avoided.

"There is perhaps nothing in the entire field of law which has called forth more disagreement, or upon which the opinions are in such a welter of confusion" than with proximate or legal cause. *Prosser and Keeton on Torts,* § 41 at 263 (5th ed.1984). "[T]he simplest and most obvious problem connected with 'proximate cause' is that of causation in 'fact.'" *Id.* at 264. In other words, while cause in fact is something juries are peculiarly well suited to decide, the legal formulation for cause in fact so as to determine the submissibility of the plaintiff's case is as complicated today as it ever has been and is not something that can easily or simply be explained or understood by lay jurors. It is for this reason that it generally will be error for a trial court to attempt to instruct the jury on but for causation.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

All concur.