

# SUPREME COURT OF MISSOURI
## en banc

DWIGHT TUTTLE,                   )      *Opinion issued December 24, 2019*

                             )

           Appellant,            )

                             )

                             )

v.                                 )      No. SC97721

                             )

DOBBS TIRE & AUTO CENTERS, INC.,     )

DAVID DOBBS, and DUSTIN DOBBS,      )

                             )

           Respondents.         )

## APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
The Honorable Michael T. Jamison, Judge

Dwight Tuttle appeals a judgment dismissing his claims for relief under the Missouri Human Rights Act ("MHRA") for age discrimination and retaliation. Because Tuttle was not aggrieved by any alleged act to have occurred in Missouri, the express provisions of the MHRA coupled with the presumption against extraterritorial application of laws precludes this Court from applying the MHRA to Tuttle's claims. The circuit court's judgment is affirmed.

### Factual and Procedural History

Dobbs Tire & Auto Centers, Inc. is a corporation formed under the laws of Missouri with its headquarters in Jefferson County, Missouri. Dobbs Tire owns and operates tire

and automotive service stores in several counties in both Missouri and Illinois. Tuttle was employed by Dobbs Tire from March 1989 until March 2017. From July 2003 until November 2016, he served as the store manager of Dobbs Tire's Shiloh, Illinois, store. Tuttle alleges he was a satisfactory employee and received numerous awards. However, Tuttle alleges that, since 2015, he became the subject of discriminatory employment practices because of his age.[1]

In pertinent part, Tuttle alleges the following:

(1) Dustin Dobbs[2] informed Tuttle he would never receive another raise during his employment with Dobbs Tire;

(2) Dobbs Tire transferred a number of illegitimate expenses to the Shiloh store, which distorted the profit numbers of the Shiloh store, and reflected poorly on Tuttle's managerial abilities;

(3) Dobbs Tire transferred Tuttle to its Fairview Heights, Illinois store which had a history of lower sales volume than the Shiloh store;[3]

(4) Tuttle was forced to sign a document accepting his transfer to the Fairview Heights store that also stated Tuttle could be terminated if the Fairview Heights store did not improve its performance;

(5) Younger store managers did not have to sign a similar document when they were transferred to other stores; and

(6) After the profit and loss statement for the Fairview Heights store had been completed for 2016, Tuttle's regional manager told him, "I hope you have your resume out and are looking for another job."

---

[1] Tuttle alleges that, during the latter part of his employment, he was more than 50 years old.
[2] At all times relevant to this case, Dustin Dobbs was Dobbs Tire's director of retail operations.
[3] Tuttle further alleges the Fairview Heights store was staffed by employees who had previously worked for him at the Shiloh store but were transferred after Tuttle suggested to upper management that he would fire said employees for poor job performance.

2

Because of these alleged actions taken by Dobbs Tire, Tuttle considered himself constructively discharged and tendered his resignation March 13, 2017.

Tuttle timely filed a charge with the Missouri Commission on Human Rights ("MCHR") and was issued a notice of his right to sue by the MCHR on October 16, 2017. Tuttle filed the instant lawsuit in St. Louis County, claiming both age discrimination in violation of § 213.055[4] and retaliation[5] in violation of § 213.070. Tuttle alleged that because "[o]ne or more of the discriminatory decisions or actions taken against the Plaintiff alleged herein took place in the State of Missouri," jurisdiction and venue were proper in the circuit court. Dobbs Tire filed a motion to dismiss arguing, among other reasons, Tuttle's petition did not state a claim upon which relief could be granted because the MHRA does not apply to an Illinois employee who faced alleged discriminatory acts in Illinois. The circuit court dismissed Tuttle's petition with prejudice but did not specify its reasons for the dismissal. Tuttle appealed, and the court of appeals affirmed the circuit court's judgment in an unpublished memorandum. This Court granted transfer and has jurisdiction. Mo. Const. art. V, § 10.

**Standard of Review**

"This Court reviews the trial court's grant of a motion to dismiss *de novo*." *Cope v. Parson*, 570 S.W.3d 579, 583 (Mo. banc 2019). "A motion to dismiss for failure to state a

---

[4] All statutory references are to RSMo Supp. 2016 unless otherwise specified.

[5] The retaliation claim was premised on Tuttle's cooperation in an investigation of a complaint against David Dobbs, who at all times relevant to this case was Dobbs Tire's president and chief executive officer. Tuttle does not allege, however, that he cooperated with the investigation in Missouri or that the actions underlying the complaint took place in Missouri.

3

claim on which relief can be granted is solely a test of the adequacy of the petition." *Id.* (quoting *Bromwell v. Nixon*, 361 S.W.3d 393, 398 (Mo. banc 2012)). "When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." *Id.* When the circuit court does not specify its reasons for dismissing a plaintiff's petition, this Court presumes the circuit court's dismissal was based on one of the reasons stated in the motion to dismiss. *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 162 (Mo. banc 2016). The circuit court's dismissal will be affirmed if justified on any ground advanced in the motion to dismiss. *Armstrong-Trotwood, LLC v. State Tax Comm'n*, 516 S.W.3d 830, 835 (Mo. banc 2017).

**Analysis**

"The MHRA protects important societal interests by prohibiting unlawful employment practices on the basis of … age." *Kader v. Bd. of Regents of Harris-Stowe State University*, 565 S.W.3d 182, 186 (Mo. banc 2019) (emphasis omitted). "It shall be an unlawful employment practice . . . [f]or an employer . . . to discharge any individual . . . because of such individual's . . . age[.]" § 213.055.1(1)(a). The MHRA requires that a person be aggrieved by an unlawful discriminatory practice before filing a complaint with the MCHR. *See* § 213.075.1 ("[A]ny person claiming to be ***aggrieved*** by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing[.]" (emphasis added)); § 213.111.1 ("[T]he commission shall issue to the person claiming to be ***aggrieved*** a letter indicating his or her right to bring a civil action . . ." (emphasis added)).

4

The MHRA defines the phrase "unlawful discriminatory practice" as "any act that is unlawful under this chapter." § 213.010(18). "Aggrieved" is not defined by the MHRA. "In the absence of statutory definitions, the plain and ordinary meaning of a term may be derived from a dictionary, and by considering the context of the entire statute in which it appears." *Kader*, 565 S.W.3d at 187 (quoting *Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804, 809 (Mo. banc 2017)). The word aggrieved means "showing grief, injury, or offense; having a grievance; *specif*: suffering from an infringement or denial or legal rights." WEBSTER'S THIRD NEW INT'L DICTIONARY 41 (3d ed. 2002). This Court has recognized that, for the MHRA's purposes, an alleged discriminatory act "must have had some **adverse impact** on the plaintiff before it becomes actionable." *Kader*, 565 S.W.3d at 189 (internal quotation omitted). Said another way, it is the adverse impact that is actionable under the MHRA, but only if that adverse impact resulted from a prohibited discriminatory practice.

Tuttle does not specify in his petition exactly where each alleged discriminatory action took place. Instead, he merely states, "some of the decisions and actions against plaintiff took place in Missouri."[6] His reasoning appears to be that, because Dobbs Tire is headquartered in Missouri,[7] the decision-making process underlying all of the discriminatory acts must have taken place in Missouri.[8] However, as explained in *Kader*,

---

[6] The dissenting opinion considers additional facts Tuttle included in his response to Dobbs Tire's motion to dismiss that were not included in his petition and suggests it would allow Tuttle leave to amend his petition. The record shows Tuttle already requested and was permitted to amend his petition and did not request leave a second time to amend his petition.

[7] Additionally, Tuttle alleges David and Dustin Dobbs reside in St. Louis County, Missouri.

[8] Missouri is a fact-pleading state. *R.M.A. v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 425 (Mo. banc 2019). This requires the plaintiff to plead ultimate facts—facts "the jury must find to return a verdict for the plaintiff." *Id.* While Tuttle may have pleaded the elements of an age discrimination claim, he failed to specify any act or adverse impact that occurred in Missouri.

5

it is not the decision that gives rise to a cause of action under the MHRA. Rather, it is being aggrieved by an unlawful discriminatory practice that does so.[9] Tuttle was not aggrieved until the alleged discriminatory practice resulted in an adverse impact, but that adverse impact occurred in Illinois. Tuttle does not dispute that the manner in which he was aggrieved is his loss of wages in Illinois, benefits of his employment in Illinois, and mental anguish arising from his constructive discharge from his Illinois job. Taking all of these allegations as true, all of the adverse impact alleged by Tuttle occurred in Illinois.

Further supporting this construction of the MHRA, this Court applies the long-standing presumption that Missouri statutes, absent express text to the contrary, apply only within the boundaries of this state and have no extraterritorial effect. *Rositzky v. Rositzky*, 46 S.W.2d 591, 595 (Mo. 1931) ("[I]t is the settled law and almost axiomatic that the statutes of a state or country prescribe the law within its boundaries only, and have no extraterritorial force or effect."); *Stanley v. Wabash St. L. & P. Ry. Co.*, 13 S.W. 709, 710 (Mo. 1890) ("The legislative authority of every state must spend its force within the territorial limits of the state.").[10]

---

[9] The dissenting opinion cites *Igoe v. Department of Labor & Industrial Relations of Missouri,* 152 S.W.3d 284, 288 (Mo. banc 2005), for the proposition that the location where an employer's decision making occurred is a relevant inquiry in determining where a discriminatory practice occurred. However, *Igoe* was a venue case concerned with the MHRA's specific venue provision. *Id.* While the location of an employer's decision-making may be an appropriate inquiry in determining the proper venue to file a lawsuit under the MHRA, it is inapposite to the present case. Venue is a relevant consideration only once a claim upon which relief can be granted is established. *See State ex rel. Kansas City S. Ry. Co. v. Nixon,* 282 S.W.3d 363, 365 (Mo. banc 2009).

[10] This presumption against the extraterritorial application of laws is not a novel concept, as it is recognized federally and by other states. *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255 (2010) ("It is a longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." (internal quotations omitted)); *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018)

6

To evade the presumption, Tuttle alleges he is not asking this Court to apply the MHRA extraterritorially because certain decisions were made in Missouri. While decisions may have occurred in Missouri, decisions are not actionable under the MHRA; adverse impacts from discriminatory practices are actionable. With no actionable adverse impact in Missouri, Tuttle is asking this Court to apply the MHRA to a purely extraterritorial event. Moreover, the MHRA contains no express text evidencing the necessary intent[11] to allow for its extraterritorial application.[12] While Tuttle may have been aggrieved, he was aggrieved in Illinois. Therefore, the presumption against extraterritorial application precludes the application of the MHRA to Tuttle's age discrimination and retaliation claims.[13]

**Conclusion**

---

("It is a well-settled presumption that state statutes lack extraterritorial reach unless the legislature clearly expresses otherwise."); *Union Underwear Co., Inc, v. Barnhart*, 50 S.W.3d 188, 190 (Ky. 2001) ("[U]nless a contrary intent appears within the language of the statute, we presume that the statute is meant to apply only within the territorial boundaries of the Commonwealth [or state].").

[11] Missouri's workers' compensation law is an example of the General Assembly expressing an intent for its extraterritorial application. *See* § 287.110.2 ("This chapter shall apply to all injuries received and occupational diseases contracted in this state, regardless of where the contract of employment was made, ***and also to all injuries received and occupational diseases contracted outside of this state*** under contract of employment made in this state, unless the contract of employment in any case shall otherwise provide, ***and also to all injuries received and occupational diseases contracted outside of this state*** where the employee's employment was principally localized in this state within thirteen calendar weeks of the injury or diagnosis of the occupational disease." (emphasis added)).

[12] It should be noted the MCHR takes the position that the MHRA does not apply outside of the territorial boundaries of Missouri. "[T]he interpretation and construction of a statute by an agency charged with its administration is entitled to great weight." *Mercy Hosps. E. Cmtys. v. Mo. Health Facilities Review Comm.*, 362 S.W.3d 415, 417 (Mo. banc 2012).

[13] This conclusion does not leave Tuttle without a remedy. Based on the allegations in Tuttle's petition, he could have pursued an action under the Illinois Human Rights Act or the federal Age Discrimination in Employment Act ("ADEA"). *See* 775 Ill. Comp. Stat. Ann. 5/2-102 (West 2018); 29 U.S.C. § 623 (2016).

Taking all of Tuttle's allegations in his first amended petition as true, he has pleaded he was aggrieved by allegedly discriminatory acts that occurred only in Illinois. An MHRA claim is not actionable until one is aggrieved by an unlawful discriminatory practice. Because Tuttle was aggrieved solely in Illinois, the express language of the MHRA, coupled with the presumption against extraterritorial application of laws, precludes this Court from applying the MHRA to his claims. The circuit court properly dismissed Tuttle's case, and the judgment is affirmed.

_____
Zel M. Fischer, Judge

Wilson, Russell, Powell, and Breckenridge, JJ., concur;
Draper, C.J., dissents in separate opinion filed;
Stith, J., concurs in opinion of Draper, C.J.



# SUPREME COURT OF MISSOURI
## en banc

DWIGHT TUTTLE, )
)
Appellant, )
)
)
v. )  No. SC97721
)
DOBBS TIRE & AUTO CENTERS, INC., )
DAVID DOBBS, and DUSTIN DOBBS, )
)
Respondents. )

**DISSENTING OPINION**

The principal opinion affirms the circuit court's judgment dismissing with prejudice Dwight Tuttle's (hereinafter, "Tuttle") age discrimination and retaliation claims brought pursuant to the Missouri Human Rights Act (hereinafter, "MHRA") against Dobbs Tire & Auto Centers Inc. (hereinafter, "Dobbs Tire"). I believe Tuttle's petition states a claim for relief when applying this Court's standard of review. Further, I believe there is no legal support for the principal opinion's proposition that a claimant must demonstrate he or she was "aggrieved" or incurred "an adverse impact" as an element of a discrimination claim or that a decision is insufficient to satisfy this newly announced element. Therefore, I respectfully dissent.

The MHRA regulates employer conduct by prohibiting employers from engaging in unlawful discriminatory practices. Section 213.055.1(1)(a)[1] provides "[i]t shall be an unlawful employment practice … [f]or an employer … to discriminate against any individual … because of such individual's … age …." "Specifically, [section] 213.055 is a remedial prohibition against discrimination in the employment context." *Howard v. City of Kan. City*, 332 S.W.3d 772, 779 (Mo. banc 2011). "Remedial statutes should be construed liberally to include those cases which are within the spirit of the law and all reasonable doubts should be construed in favor of applicability to the case." *Lampley v. Mo. Comm'n on Human Rights*, 570 S.W.3d 16, 23 (Mo. banc 2019) (quoting *Mo. Comm'n on Human Rights v. Red Dragon Rest., Inc.*, 991 S.W.2d 161, 166-67 (Mo. App. W.D. 1999)). This liberal construction comports with the standard of review when examining the circuit court's ruling on a motion to dismiss, which requires this Court to assume all facts alleged in Tuttle's petition are true and all reasonable inferences to be drawn from those facts must be in Tuttle's favor. *Jackson v. Barton*, 548 S.W.3d 263, 267 (Mo. banc 2018).

In affirming the circuit court's judgment dismissing Tuttle's petition, the principal opinion first finds Tuttle failed to specify where each alleged discriminatory action took place, but does not cite any caselaw requiring such specificity in a discrimination case. However, even assuming *arguendo* a plaintiff must detail where each alleged discriminatory practice took place to state a claim under the MHRA, Tuttle's petition

---

[1] All statutory references are to RSMo 2016.

explicitly stated, "one or more of the discriminatory decisions or actions taken against [Tuttle] alleged herein took place in the State of Missouri." Tuttle also set forth instances of discriminatory or retaliatory employment practices, such as transferring illegitimate expenses to the Shiloh store and transferring Tuttle to a lower performing store that was staffed with employees Tuttle recommended for termination. Giving these allegations the benefit of all reasonable inferences as this Court must do in accordance with its standard of review, it is reasonable to infer the decision to transfer expenses and transfer Tuttle occurred in Missouri where Dobbs Tire's corporate headquarters is located.[2]

Although the principal opinion concedes Tuttle may have pleaded the elements of an age discrimination claim, it inexplicably adds an additional hurdle that Tuttle must demonstrate he is "aggrieved" or has incurred an "adverse impact" that occurred in Missouri to state a claim under the MHRA. "In construing a statute, courts cannot 'add statutory language where it does not exist'; rather, courts must interpret 'the statutory language as written by the legislature.'" *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 792

---

[2] Tuttle's response to Dobbs Tire's motion to dismiss set forth additional facts supporting his petition that Dobbs Tire's unlawful discriminatory practices originated in Missouri, such as: (1) Tuttle received company mail and policy directives from the Missouri corporate headquarters via an inventory truck; (2) Tuttle communicated weekly with Dobbs Tire and its managers located in Missouri; (3) Tuttle's regional manager was based at the Missouri corporate headquarters; (4) there were no managers in Illinois who communicated any employment issue to Tuttle; (5) transferring expenses to the Shiloh store happened at the Missouri corporate headquarters; (6) and notice of Tuttle's transfer to another store came from the Missouri corporate headquarters. I recognize these facts were not contained in Tuttle's petition. However, because I believe Tuttle's petition as it stands is sufficient to plead a claim under the MHRA, I would permit Tuttle leave to amend his petition to include these specific allegations, rather than dismiss Tuttle's petition with prejudice.

(Mo. banc 2016) (quoting *Frye v. Levy*, 440 S.W.3d 405, 424 (Mo. banc 2014)). At the time Tuttle filed his claim, section 213.055 required a plaintiff alleging age discrimination to demonstrate only: "(1) the plaintiff is a member of a protected class; (2) the defendant discharged plaintiff; (3) plaintiff's age was a contributing factor in such discharge; and (4) plaintiff was damaged." *Thomas v. McKeever's Enter. Inc.*, 388 S.W.3d 206, 214 (Mo. App. W.D. 2012).[3] Section 213.055 does not require a person to demonstrate he or she was "aggrieved" or suffered an "adverse impact"—in Missouri—to state a claim for discrimination.

The principal opinion's reliance on section 213.075.1, which permits "any person[4] claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing" is unavailing. This same statutory section permits the attorney general to likewise file a complaint.[5] Certainly the attorney general cannot demonstrate he or she is "aggrieved" or suffered "an adverse impact" when filing a complaint challenging an unlawful discriminatory practice.

The principal opinion relies on *Kader v. Board of Regents of Harris-Stowe State University*, 565 S.W.3d 182, 189 (Mo. banc 2019), for the proposition a discriminatory act

---

[3] *Thomas*' statement that a plaintiff must demonstrate his or her membership in a protected class was a contributing factor in a plaintiff's discharge was abrogated by the 2017 MHRA amendments. However, Tuttle filed his discrimination petition before the 2017 amendments took effect.

[4] Section 213.010(14) defines "person" broadly to include "one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons."

[5] This contrasts with the attorney general's power to file a civil suit to challenge violations of the MHRA pursuant to section 213.126.

4

"must have had some *adverse impact* on the plaintiff before it becomes actionable" under the MHRA. *Kader* addressed whether the employer's action constituted an unlawful discriminatory practice as submitted in a jury instruction. *Id*. at 186-90. *Kader* did not address *where* the unlawful discriminatory practice occurred.

The principal opinion also relies on *Kader* to support its holding that an employer's decision cannot give rise to a cause of action. However, contrary to the principal opinion's assertion "it is not the decision that gives rise to the cause of action under the MHRA," *Kader* contains no such language to this effect. This Court has held where an employer's decision making occurred is a relevant inquiry in determining *where* a discriminatory practice occurred, not *if* a discriminatory practice occurred. *Igoe v. Dep't of Labor & Indus. Relations of Mo.*, 152 S.W.3d 284, 288 (Mo. banc 2005). Hence, I would hold the decisions that occurred in Missouri that Tuttle alleged constituted unlawful discriminatory practices would be actionable under the MHRA.

Finally, regarding the presumption against the extraterritorial application of the MHRA, Tuttle concedes neither the legislature nor the courts should regulate conduct that occurs wholly outside of Missouri. However, the focus and purpose of the MHRA is to regulate the conduct of Missouri employers. Missouri's corporate citizens should be held accountable for engaging in unlawful discriminatory practices that occur in Missouri and cause harm to their employees, even if they are in another state. The principal opinion encourages Missouri employers to engage in unlawful discriminatory practices against its out-of-state employees with impunity, knowing their *decision* to engage in those insidious practices will not be actionable in Missouri.

5

Based on the foregoing, I would reverse the circuit court's judgment and allow Tuttle's claims to proceed, including permitting Tuttle to amend his petition as necessary.

_____
GEORGE W. DRAPER III, JUDGE