Ellsworth "Ozzie" AMOS,
Plaintiff–Appellant,

v.

CITY OF NOEL, A Fourth Class
Municipal Corporation,
Defendant–Respondent.

No. 29214.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 20, 2009.

Robert W. Evenson, Pineville, MO, for Appellant.

John R. Sims, Neosho, MO, for Respondent.

JEFFREY W. BATES, Judge.

Ellsworth Amos (Amos) appeals from a judgment denying his claim to recover attorney's fees and costs from the City of Noel (Noel) pursuant to § 536.087.[1] Because this statute does not authorize the assessment of attorney's fees and costs against a political subdivision of the State, the judgment is affirmed.

Noel is a fourth class city located in McDonald County, Missouri. In April 2007, Noel's Board of Aldermen initiated impeachment proceedings against Amos, who was the elected City Marshal. After conducting a hearing, the aldermen voted not to impeach Amos. In June 2007, Amos filed a request asking Noel to pay $11,733 in attorney's fees and costs that Amos had incurred as a result of the impeachment proceeding. No action was taken on the request.

In August 2007, Amos filed a petition for review in the Circuit Court of McDonald

---

1. All references to statutes are to RSMo (2000) unless otherwise specified.

County, Missouri. Paragraph two of the petition alleged that, as a fourth class municipal corporation, Noel was a political subdivision of the State of Missouri.[2] Paragraphs eight and nine alleged that Noel was liable for Amos' attorney's fees and costs pursuant to § 536.087 because Noel had essentially denied Amos' request for payment by failing to take any action. In Noel's answer, it admitted paragraph two and denied paragraphs eight and nine of the petition.[3] In addition, Noel specifically denied that Amos was entitled to recover any attorney's fees and costs pursuant to § 536.087. In November 2007, Amos filed a motion for summary judgment, which the trial court denied. In March 2008, the petition for review was heard by the court. See § 536.140 RSMo Cum. Supp. (2007). In June 2008, the court entered a judgment affirming Noel's denial of the request for attorney's fees and costs. This appeal followed.

■ In Amos' first point, he contends the trial court erred when it denied Amos' motion for summary judgment on his petition for review. It is well-settled that the denial of a motion for summary judgment does not present an appealable issue. *Wooldridge v. Greene County,* 198 S.W.3d 676, 678 n. 2 (Mo.App.2006). This is true even when the appeal is taken from a final judgment in the case. *In re Care and Treatment of Johnson,* 161 S.W.3d 873, 880 (Mo.App.2005). Point I is denied.

In Amos' second point, he contends the trial court erred by not requiring Noel to pay Amos' attorney's fees and costs pursuant to § 536.087. The issue of whether this statute authorizes Amos to recover attorney's fees from a political subdivision of the State presents a question of law. On appeal, this Court reviews that legal issue *de novo. See J.H. Berra Constr. Co., Inc. v. Holman,* 152 S.W.3d 281, 282 (Mo. banc 2005); *State Bd. of Registration for Healing Arts v. McDonagh,* 123 S.W.3d 146, 152 (Mo. banc 2003).

■ Missouri follows the American Rule, which provides that litigants must bear the expense of their own attorney's fees unless the case falls within a recognized exception to that general rule. *See Ridgway v. TTnT Development Corp.,* 126 S.W.3d 807, 818 (Mo.App.2004). One such exception is when the right to recover attorney's fees is provided by statute. *Kiesel Co. v. J & B Properties, Inc.,* 241 S.W.3d 868, 873 (Mo.App.2008). Amos contends that he was entitled to recover attorney's fees and costs from Noel pursuant to § 536.087. In relevant part, this statute states:

A party who prevails in an agency proceeding or civil action arising therefrom, *brought by or against the state,* shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or

2. This allegation is consistent with many Missouri appellate decisions recognizing that cities are political subdivisions of the State. *See, e.g., State ex rel. Nixon v. American Tobacco Co., Inc.,* 34 S.W.3d 122, 127 (Mo. banc 2000); *Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 911 (Mo. banc 1997); *Missouri Mun. League v. State,* 932 S.W.2d 400, 403 (Mo. banc 1996); *Feese v. City of Lake Ozark,* 893 S.W.2d 810, 812 (Mo. banc 1995); *State ex rel. City of Cabool v. Texas County Bd.*

*of Equalization,* 850 S.W.2d 102, 104–05 (Mo. banc 1993); *State ex inf. Gavin v. Gill,* 688 S.W.2d 370, 371 (Mo. banc 1985).

3. In 2006, Noel had 1,555 inhabitants. Official Manual, State of Missouri, 884 (2007–2008). Therefore, this Court also takes judicial notice that Noel is a fourth class city. *See Shelby County R–IV School Dist. v. Herman,* 392 S.W.2d 609, 611 (Mo.1965); § 72.040.

that special circumstances make an award unjust.

§ 536.087.1 (italics added). The dispositive question here is whether the impeachment proceeding against Amos or his subsequent petition for review were "brought by or against the state" within the meaning of § 536.087. The answer to that question is found in § 536.085, which states in relevant part:

As used in section 536.087, the following terms mean:

(1) "Agency proceeding", an adversary proceeding in a contested case pursuant to this chapter in which the state is represented by counsel . . .

(5) "State", the state of Missouri, its officers and its agencies, *but shall not include political subdivisions of the state.*

§ 536.085(1), (5) (italics added). Based upon the special definitions supplied by § 536.085, there was no statutory basis for the trial court to assess attorney's fees and costs against Noel, a political subdivision of the State, pursuant to § 536.087. *See Fraternal Order of Police Lodge No. 2 v. City of St. Joseph,* 8 S.W.3d 257, 265 (Mo. App.1999) (holding that a statute governing rule-making by a "state agency" did not apply to a city because another statute specifically excluded political subdivisions of the state from the definition of "state agency"). Because the State was not a party to the impeachment proceeding or subsequent petition for review, the trial court did not err in denying Amos' request for an award of attorney's fees and costs pursuant to § 536.087. *See Rogers v. Board of Trustees of Missouri Consolidated Health Care Plan,* 972 S.W.2d 591, 593 (Mo.App.1998); *State ex rel. Raine v. Schriro,* 914 S.W.2d 56, 59 (Mo.App.1996).

The judgment of the trial court is affirmed.

BARNEY, J. and SCOTT, P.J., Concur.