**MERCY HOSPITALS EAST COMMUNITIES, f/k/a St. John's Mercy Health System, Appellant,**

v.

**MISSOURI HEALTH FACILITIES REVIEW COMMITTEE and James K. Tellatin, Respondents,**

**Patients First Community Hospital, Respondent.**

**No. SC 92015.**

Supreme Court of Missouri, En Banc.

April 17, 2012.

Dudley W. Von Holt, Bruce D. Ryder, Allen D. Allred, Jeffery R. Fink and Lisa M.N. Debord, Thompson Coburn LLP, St. Louis, for St. John's.

Kevin Hall, William S. Vanderpool and John Phillips, Attorney General's Office, Jefferson City, for The Committee.

Richard B. Walsh Jr., Evan Z. Reid and Anne R. Kerns, Lewis, Rice & Fingersh LLC, St. Louis, for Patient's First.

RICHARD B. TEITELMAN, Chief Justice.

St. John's Mercy Health System appeals the trial court's dismissal of its claim challenging a rule promulgated by the Missouri Health Facilities Review Committee (MHFRC) and applied to intervenor Patients First Community Hospital. St. John's challenges the validity of the MHFRC rule that exempts new hospitals costing less than $1 million from the statutory requirement of obtaining a certificate of need. St. John's has presented a ripe

and justiciable controversy for review. The MHFRC rule regarding new hospitals is valid. The judgment is affirmed as modified.

### FACTS

The certificate of need law, (CON Law), sections 197.300 to 197.366, RSMo Supp. 2006, conditions the construction of a new health care facility or expansion of an existing health care facility on the issuance of a certificate of need by the MHFRC. The certificate of need requires a showing that the new or expanded facility serves a health care need in the community. Section 197.315.

The MHFRC grants certificates of need and has authority to promulgate reasonable rules and regulations. Section 197.310. The rule at issue is 19 CSR 60–50.400(6)(F)(l)(New Hospital Rule), which exempts new hospitals costing less than $1 million from the requirement of obtaining a certificate of need.

In April 2010, Patients First filed a letter of intent with the MHFRC requesting a non-applicability certificate of need letter to construct a new three-bed facility at an estimated cost of $953,750. St. John's filed suit against the MHFRC seeking a declaratory judgment that the New Hospital Rule was invalid. St. John's further sought to enjoin the MHFRC from applying the rule and granting Patients First an exemption from the certificate of need requirement. The trial court held St. John's had not presented a ripe and justiciable controversy because the MHFRC had not applied the rules challenged by St. John's and had not decided yet whether Patients First would be exempt from obtaining a certificate of need. Although the trial court held that the case was not justiciable and dismissed the action without prejudice, the court addressed the merits of St. John's claim and found that the MHFRC

had not exceeded its authority in promulgating the New Hospital Rule.

St. John's raises two points on appeal. First, St. John's alleges that the trial court erred in dismissing the action because its claim was both ripe and justiciable. Alternatively, St. John's contends the trial court erred in upholding the validity of the New Hospital Rule because the rule exempts new hospitals costing less than $1 million from that requirement while the CON Law requires all new hospitals to obtain a certificate of need.

### ANALYSIS

#### I.   Standard of Review

■■■■ A trial court's dismissal of a case for lack of justiciability is subject to *de novo* review. *See Comm. for Educ. Equality v. State*, 294 S.W.3d 477, 484 (Mo. banc 2009) (dismissal for lack of standing subject to de novo review). Administrative rules and regulations are valid unless they are unreasonable and plainly inconsistent with the authorizing statute. *Foremost–McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197 (Mo. banc 1972) (internal citations omitted). This standard of review is informed by the fact that "[t]he interpretation and construction of a statute by an agency charged with its administration is entitled to great weight." *Id.* (quoting *Federal Trade Comm'n v. Mandel Bros., Inc.*, 359 U.S. 385, 391, 79 S.Ct. 818, 3 L.Ed.2d 893 (1959)).

#### II.   St. John's challenge to the New Hospital Rule is justiciable.

■■■■ In the context of a declaratory judgment action, "[a] justiciable controversy exists where the plaintiff has a legally protectible interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination."

*Barron v. Shelter Mut. Ins. Co.,* 220 S.W.3d 746, 748·(Mo. banc 2007). In other words, justiciability requires that the plaintiff's claim is ripe and that the plaintiff has standing to bring the underlying claim. *See Missouri Health Care Ass'n v. Attorney Gen. of the State of Missouri,* 953 S.W.2d 617, 620 (Mo. banc 1997).

■ This case is ripe for judicial review. When St. John's filed its petition for declaratory judgment, the case was not ripe because MHFRC had not yet determined whether Patients First would be exempt from obtaining a certificate of need letter. However, after the trial court dismissed the case for lack of justiciability, the MHFRC applied the New Hospital Rule and determined that no certificate of need was required. Application of the rule is no longer a hypothetical probability; it is an action that has occurred. Therefore, the case is ripe for judicial review.

■ St. John's also has established that it has standing to contest the rule. Any person who is or may be aggrieved by any rule promulgated by a state agency has standing to challenge that rule in a declaratory judgment action. Section 536.053. Section 536.053 grants standing to economic competitors to challenge the validity of agency rules. *Missouri Bankers Ass'n v. Dir. of the Missouri Div. of Credit Unions,* 126 S.W.3d 360, 365 (Mo. banc 2003).

In *Missouri Bankers,* this Court held that a banking association had standing under section 536.053 to challenge the validity of a rule governing the geographic expansion of credit unions in Missouri because the association was an economic competitor to credit unions. *Id.* Like the association in *Missouri Bankers,* St. John's is an economic competitor with any party within its market that is exempt from obtaining a certificate of need. St. John's revenues are affected directly by the number of patients. The number of patients that St. John's serves is affected by the number of health care facilities with which it competes. St. John's is adversely affected because the New Hospital Rule allows competitors to enter the marketplace without demonstrating the community's need for additional health care services. Therefore, St. John's is aggrieved by the New Hospital Rule within the meaning of section 536.053 and has standing to challenge the validity of the rule.[1]

Although the trial court dismissed this case on justiciability grounds, it nonetheless analyzed the merits of the claim. When, as in this case, the trial court's factual and legal conclusions are clear, remand is futile. *Clifford Hindman Real Estate, Inc. v. City of Jennings,* 283 S.W.3d 804, 808 (Mo.App.2009). In this case, the trial court included in its judgment a detailed analysis explaining why the New Hospital Rule did not conflict with the CON Law. Based on this analysis, the court concluded that St. John's was unlikely to succeed on the merits of its claim. Under these circumstances, remand would be a nothing but an unnecessary formality. Therefore, this Court will exercise its discretion to address the merits of the underlying claims. Rule 84.14.

---

1. The MHFRC and Patients First argue that St. John's lacks standing because section 197.335 provides standing only to applicants, not economic competitors. Section 197.335 does not apply because that statute governs standing for parties challenging MHFRC decisions. St. John's does not appeal the MHFRC's decision to grant Patients First an exemption. Instead, St. John's challenges the validity of the New Hospital Rule itself. As established above, therefore, St. John's has standing pursuant to section 536.053, which governs standing for parties challenging the validity of a rule as opposed to an MHFRC decision.

### III.  *The New Hospital Rule is valid.*

■   The New Hospital Rule provides that new hospitals costing less than $1 million are exempt from the requirement to obtain a certificate of need.  St. Johns asserts that the rule is invalid because sections 197.305(9) and 197.366 require every new hospital to obtain a certificate of need regardless of the cost of the facility. St. John's argument is without merit.

The CON Law requires that new institutional health services obtain a certificate of need.   Section   197.315.1.   Section 197.305(9) defines "new institutional health service" as:

(a) The development of a new health care facility costing in excess of the applicable expenditure minimum;

(b) The acquisition, including acquisition by lease, of any health care facility, or major medical equipment costing in excess of the expenditure minimum;

(c) Any capital expenditure by or on behalf of a health care facility in excess of the expenditure minimum;

(d) Predevelopment activities as defined in subdivision (12) hereof costing in excess of one hundred fifty thousand dollars;

(e) Any change in licensed bed capacity of a health care facility which increases the total number of beds by more than ten or more than ten percent of total bed capacity, whichever is less, over a two-year period;

(f) Health services, excluding home health services, which are offered in a health care facility and which were not offered on a regular basis in such health care facility within the twelve-month period prior to the time such services would be offered;

(g) A reallocation by an existing health care facility of licensed beds among major types of service or reallocation of licensed beds from one physical facility or site to another by more than ten beds or more than ten percent of total licensed bed capacity, whichever is less, over a two-year period.

Each paragraph of section 197.305(9) uses the phrase "health care facility," which is defined in section 197.366 as:

(1) Facilities licensed under chapter 198, RSMo;

(2) Long-term care beds in a hospital as described in subdivision (3) of subsection 1 of section 198.012, RSMo;

(3) Long-term care hospitals or beds in a long-term care hospital meeting the requirements described in 42 CFR, section 412.23(e);  and

(4) Construction of a *new hospital* as defined in chapter 197.

Section 197.366 (emphasis added).

St. John's argues that new hospitals are subject to each of the seven paragraphs of section 197.305(9) because each of the seven paragraphs applies apply to "health care facilities" and, under section 197.366(4), every "new hospital" is a "health care facility."  The net result of this interpretation is that a new hospital triggers the certificate of need requirement even if the new hospital does not meet the "applicable expenditure minimum" referred to in section 197.305(9)(a). Therefore, St. John's concludes that the New Hospital Rule conflicts with the statute because the rule allows the MHFRC to exempt certain new hospitals even though the CON Law does not provide a cost exemption and, instead, requires all new hospitals obtain a certificate of need.

■   Section   197.366(4)   defines "health care facility" to include the construction of new hospitals.  This supports St. John's argument that all new hospitals are required to obtain a certificate of need. However, statutes are not read in isolation. If possible, a statute will not be interpreted so as to directly conflict with another

applicable statute or otherwise lead to an absurd result. *United Pharmacal Co. of Missouri, Inc. v. Missouri Bd. of Pharmacy*, 208 S.W.3d 907, 912 (Mo. banc 2006).

St. John's interpretation creates a conflict with the plain language of paragraphs (e), (f) and (g) of section 197.305(9). These paragraphs trigger the certificate of need requirement under circumstances that cannot apply to a new hospital. Section 197.305(9)(e) requires a health care facility to obtain a certificate of need when it "changes" its number of beds. Section 197.305(9)(f) requires a health care facility to obtain a certificate of need when it adds services not provided the "previous" year. Section 197.305(9)(g) requires a certificate of need on the reallocation of beds by an "existing" health care facility to a new location. New hospitals cannot "change" their number of beds, add new services relative to those provided the "previous" year or reallocate beds from an "existing" facility. Therefore, contrary to St. John's interpretation, new hospitals are not necessarily subject to each of the seven paragraphs of section 197.305(9). The New Hospital Rule is not invalidated by the plain language of sections 197.305(9) and 197.366.

This conclusion is confirmed by the legislative history of sections 197.305 and 197.366. In 1996, the legislature amended section 197.366 by adding new hospitals to the types of facilities that qualified as "health care facilities." At that time, what is now section 197.305(9)(a) defined new institutional health services as "[t]he development of a new health care facility." Section 197.305(11)(a), RSMo 1994. In 1997, the legislature amended section 197.305(9)(a) to change the definition of a "new institutional health service" to "[t]he development of a new health care facility *costing in excess of the applicable expenditure minimum.*" Section 197.305(9)(a) (emphasis added).

Adopting St. John's position would require this Court to conclude that the 1997 amendment to section 197.305(9)(a) was unnecessary. There is a presumption that a statute is not meaningless. *E & B Granite, Inc., v. Dir. Of Revenue*, 331 S.W.3d 314, 317 (Mo. banc 2011). To give the 1997 amendment effect, the legislature must have intended for new hospitals to qualify as new institutional health services only under section 197.305(a) and for paragraphs (b) through (g) to apply only to existing health care facilities. Therefore, the New Hospital Rule implements the legislative intent of section 197.305(9) without conflicting with the CON Law. The New Hospital Rule is consistent with the CON Law and the MHFRC was within its authority to promulgate the rule.

## CONCLUSION

The judgment is affirmed as modified to deny relief to St. Johns.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and PRICE, JJ., and MANNERS, Sp.J., concur. DRAPER, J., not participating.