

# Missouri Court of Appeals
## Southern District

### Division Two

MICHAEL EDWARD SHELTON,     )
)
     Petitioner-Appellant,     )
)
vs.     )     No. SD32964
)
DIRECTOR OF REVENUE, STATE OF     )     **Filed: August 27, 2014**
MISSOURI,     )
)
     Respondent-Respondent.     )

### APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Scott L. Bernstein, Associate Judge

### <u>DISMISSED</u>

Michael Edward Shelton ("Appellant") appeals the denial of a motion for summary judgment. Because Appellant does not contest an appealable judgment, we dismiss.

Appellant filed a petition for review in the Circuit Court of Crawford County after receiving notice from the Director of Revenue ("the Director") that, effective April 3, 2013, he was disqualified from operating a commercial motor vehicle ("CMV") for a period of one year. In his first amended answer to the petition, the Director alleged that Appellant was convicted of driving while intoxicated on February 28, 2013, and that his

one-year CMV disqualification was pursuant to sections 302.700 and 302.755.[1]  The Director also attached a copy of Appellant's driving record showing that Appellant had received a previous one-year CMV disqualification, effective September 10, 2011, based upon an August 24, 2011 administrative alcohol suspension.  The record reflected that both Appellant's September 10, 2011 disqualification and April 3, 2013 disqualification arose from the same police citation, issued on April 3, 2011.

Appellant thereafter moved for summary judgment, relying upon the admissions made in the Director's answer.  Because the undisputed facts showed that Appellant had received a one-year CMV disqualification based upon an administrative alcohol suspension, Appellant argued that his February 28, 2013 driving while intoxicated conviction was not a "first violation" within the meaning of section 302.755.1.  The Director, citing *Addison v. Director of Revenue*, 302 S.W.3d 735, 737 (Mo.App. E.D. 2010), filed a reply contending that both disqualifications were proper.

Following a hearing, the trial court issued its final judgment, which (1) denied Appellant's motion for summary judgment; and (2) sustained the disqualification of his commercial driving privileges based upon the February 28, 2013 conviction.  Appellant now appeals and raises a single point relied on specifically contending that "[t]he trial court erred in overruling and denying Appellants' [sic] motion for summary judgment[.]"

It is well-settled that the denial of a motion for summary judgment does not raise an appealable issue.  *Amos v. City of Noel*, 276 S.W.3d 355, 356 (Mo.App. S.D. 2009).[2]

---

[1] All statutory references are to RSMo Cum.Supp. 2009.

[2] One recognized exception exists where the merits of the denied motion are "inextricably intertwined" with issues in an appealable summary judgment in favor of another party.  *Herring v. Prudential Property & Cas. Ins. Co.*, 96 S.W.3d 893, 894 (Mo.App. W.D. 2002).  We do not apply this exception here because Appellant raises no contention that the Director either moved for or was granted summary judgment in this case.

This is true even when, as in this case, the appeal is taken from a final judgment in the case. *Little v. McSwain*, 400 S.W.3d 461, 462 (Mo.App. E.D. 2013). Because Appellant challenges only the denial of his motion for summary judgment, a non-appealable issue, his point presents nothing for review.[3]

Accordingly, Appellant's appeal is dismissed.


Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, J. - Concurs

Don E. Burrell, J. - Concurs

---

[3] Appellate review is restricted to the issues raised in the points relied on. *Underwood v. Hash*, 67 S.W.3d 770, 779 (Mo.App. S.D. 2002). Appellant raises no challenge with respect to the trial court's judgment sustaining the disqualification of his commercial driving privileges; therefore, we do not address the merits of that judgment.