**AMEREN TRANSMISSION COMPANY OF ILLINOIS, Appellant,**

v.

**PUBLIC SERVICE COMMISSION OF THE STATE OF MISSOURI, Respondent,**

Gena Briggs, Billy Briggs, David Schaefer, Beth Schaefer, Margaret Schaefer, Beth Schaefer, Margaret Hollenbeck, Clifford Hollenbeck, Aaron Hollenbeck, Richard Gregory, Jeanette Gregory, William DeFries and Kamra DeFries, Respondents.

**WD 78141**

Missouri Court of Appeals,
Western District.

Opinion filed: August 11, 2015

876

Michael R. Trip, for Appellant.

Jennifer L. Heintz, for Respondent Public Service Commission.

Paul G. Henry, St. Louis, for Respondents Briggs, Schaefer, Hollenbeck, Gregory and DeFries.

Before Division One: Cynthia L. Martin, Presiding Judge, Joseph M. Ellis, Judge and James E. Welsh, Judge

Joseph M. Ellis, Judge

Ameren Transmission Company of Illinois ("ATXI") is an Illinois corporation authorized to do business in the State of Missouri. ATXI intends to construct interstate electrical transmission lines that will be located partially in this state that will be used by others to transmit electricity in interstate commerce.

In 2012, ATXI filed a petition for declaratory judgment in the Circuit Court of Cole County against the Missouri Public

Service Commission ("the PSC"), seeking a declaration that the PSC had no statutory authority to regulate ATXI's actions related to the construction of its interstate electrical transmission lines, asserting that ATXI is not one of the types of entities over which the PSC has been granted authority. It claimed that "ATXI is not subject to the jurisdiction of the Commission because it does not hold itself out as a provider of electricity for light, heat or power to the general public within Missouri, nor does it manufacture, sell, or distribute electricity for light, heat or power within the state." ATXI further sought a declaration that it is not required to obtain certificates of convenience and necessity ("a CCN") or other permission or approval from the PSC before beginning construction of its transmission lines because the PSC has no siting authority over those projects.

On June 6, 2014, the PSC filed a motion for summary judgment, asserting that, under the undisputed material facts, ATXI was not entitled to obtain declaratory relief. It argued that the provisions of § 386.510 preclude a circuit court from granting any declaratory relief against the PSC. It further maintained that, because the PSC had not yet taken any administrative action against or issued an order or decision related to ATXI, no justiciable controversy existed between the parties and that declaratory relief was, therefore, improper. ATXI filed a cross-motion for summary judgment, arguing that, based upon the undisputed facts, it was entitled to judgment as a matter of law on the

merits of the claims asserted in its petition.

On October 6, 2014, multiple property owners, who had been notified by ATXI that its interstate transmission line project might require their properties to be subject to a utility easement, filed a motion to intervene in this declaratory judgment action.[1] On October 20, 2014, the trial court granted the motion to intervene and heard argument on the motions for summary judgment that had been filed by ATXI and the PSC.

After hearing argument on the parties' motions for summary judgment, the circuit court denied ATXI's motion and entered summary judgment in favor of the PSC. In so doing, the court stated:

The Court finds that, based on the uncontroverted facts submitted in support of the Commission's motion for summary judgment, the Commission is entitled to judgment as a matter of law as a defending party. This court finds no controverted facts—and therefore no persuasive evidence—that the Defendant has taken any administrative action against the Plaintiff. There is no justiciable controversy. It is not enough for Plaintiff to claim a fear of future action, with no indication at all of any present action, threatened or otherwise, by the Defendant. For this Court to rule otherwise would constitute a speculative or hypothetical advisory opinion.

ATXI brings three points on appeal.[2]

■■■ In its first point, ATXI contends that the trial court erred in granting sum-

1. The interveners are Gena Briggs, Billy Briggs, David Schaefer, Beth Schaefer, Margaret Hollenbeck, Clifford Hollenbeck, Aaron Hollenbeck, Richard Gregory, Jeanette Gregory, William DeFries, and Kamra DeFries.

2. The PSC has filed a Motion to Dismiss Appeal as Moot, contending that ATXI's filing

with the PSC of conditional applications for certificates of need for its two currently planned projects and the PSC's granting of a certificate of need for one of those projects renders this appeal moot. ATXI's applications, which were filed subsequent to the trial court's entry of summary judgment in favor of the PSC in this case, maintained that the PSC

mary judgment in favor of the PSC because a justiciable controversy exists between them. "This Court's review of an appeal from summary judgment is *de novo.*" *Missouri Bankers Ass'n v. St. Louis Cnty.*, 448 S.W.3d 267, 270 (Mo. banc 2014). "Summary judgment is appropriate when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 437 (Mo. banc 2013). "A defending party can demonstrate entitlement to summary judgment by showing: (1) facts negating any of the claimant's necessary elements; (2) the claimant, after an adequate period of discovery, has been unable, and will not be able, to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute of the existence of facts required to support the defending party's properly pleaded affirmative defense." *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 826 (Mo. banc 2014). "A summary judgment, like any trial court judgment, can be affirmed on appeal by any appropriate theory supported by the record." *Columbia Cas. Co. v. HIAR Holding, L.L.C.*, 411 S.W.3d 258, 264 (Mo. banc 2013).

■ "A declaratory judgment action requires a judiciable controversy."[3] *Missouri Alliance for Retired Ams. v. Dep't of Labor & Indus. Rels.*, 277 S.W.3d 670, 676 (Mo. banc 2009). "Justiciability is a 'prudential' rather than a jurisdictional doctrine." *Schweich v. Nixon*, 408 S.W.3d 769, 773 (Mo. banc 2013). "In the context of a declaratory judgment action, a justiciable controversy exists where the plaintiff has a legally protective [sic] interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Mercy Hosps. E. Cmtys. v. Missouri Health Facilities Review Comm.*, 362 S.W.3d 415, 417 (Mo. banc 2012) (internal quotation omitted). "In other words, justiciability requires that the plaintiff's claim is ripe and that the plaintiff has standing to bring the underlying claim." *Id.* at 418.

■ "A court cannot render a declaratory judgment unless the petition presents a controversy ripe for judicial determination." *Schweich*, 408 S.W.3d at 774 (internal quotation omitted). "The ripeness doctrine allows a court to apply a pragmatic test to determine whether the agency action is sufficiently binding and sufficiently clear in scope and implications

has no authority over ATXI but asked, in the event that it does, for the PSC to issue certificates of need to ATXI. With regard to one of the applications, the PSC found that it had authority over ATXI and issued a certificate of need for that project.

The question before this Court on appeal is whether the trial court properly entered summary judgment in favor of the PSC based upon a finding of a lack of a justiciable controversy. Neither the filing of the applications nor the PSC's granting of a certificate of need render this appeal moot. Accordingly, the PSC's motion is denied.

**3.** "The declaratory judgment act, section 527.010, RSMo 2000, vests trial courts with

the power 'to declare rights, status, and other legal relations whether or not further relief is or could be claimed.'" *Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. banc 2011). "A court may grant a declaratory judgment if presented with: (1) a justiciable controversy that presents a real, substantial, presently existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law." *Id.*

to be susceptible to judicial evaluation." *Missouri Ass'n of Nurse Anesthetists, Inc. v. State Bd. of Registration for the Healing Arts*, 343 S.W.3d 348, 354 (Mo. banc 2011) (internal quotation omitted). "The basic rationale of the ripeness doctrine is to 'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 26 (Mo. banc 2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). "Ripeness is determined by whether the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character." *Schweich*, 408 S.W.3d at 774 (internal quotation omitted).

The undisputed facts before the trial court reflected that the PSC had not taken any action against ATXI, nor had it threatened to do so. Likewise, the PSC had not issued any rule, regulation, or official statement generally setting forth a position on whether it has authority over companies solely engaged in the interstate transmission of electricity. Furthermore, ATXI's proposed projects were still in the planning phase, and ATXI had not yet acquired land or begun construction in this State.

In bringing its declaratory judgment action, ATXI was merely speculating that the PSC would, at some later date, if ATXI chose to proceed with the proposed construction projects, attempt to assert regulatory authority over ATXI. ATXI was asking for an advisory opinion regarding whether such an assertion of authority, were it ever to occur, would be proper.[4]

"Declaratory judgments are not available to adjudicate hypothetical or speculative situations that may never come to pass." *Id.* at 778 (internal quotation omitted). "Missouri courts do not issue opinions that have no practical effect and that are only advisory as to future, hypothetical situations." *Henry v. Farmers Ins. Co.*, 444 S.W.3d 471, 477 (Mo.App. W.D.2014) (internal quotation omitted). Because uncontroverted facts reflected that there was no presently existing controversy between the parties that was ripe for judicial determination, the trial court did not err in granting summary judgment in favor of the PSC.[5] Point denied.

The judgment is affirmed.

All concur.

---

4.  ATXI contends that *State ex rel. Public Service Commission v. Blair*, 347 Mo. 220, 146 S.W.2d 865 (1940), establishes the propriety of its claim for declaratory judgment. That case is easily distinguishable from the case at bar because, in that case, the PSC had declared that the businesses conducted by the plaintiffs were subject to the Bus and Truck Act and, at the request of the PSC, law enforcement agencies had arrested several of the plaintiffs and their employees for violations of the penal provisions of the act. *Id.* at 867. Thus, the PSC had clearly taken affirmative action and asserted authority over the plaintiffs, and the case was, therefore, ripe for adjudication.

5.  Having reached this conclusion, we need not consider ATXI's two remaining points which assert that the trial court erred in deny-

ing ATXI's cross-motion for summary judgment. We gratuitously note that, except where the merits of the denied motion for summary judgment are inextricably intertwined with the propriety of an appealable order granting summary judgment, the denial of a motion for summary judgment "is not a final judgment and is therefore not subject to appellate review." *Kershaw v. City of Kansas City*, 440 S.W.3d 448, 452 (Mo.App.W.D. 2014) (internal quotation omitted); *see also Shelton v. Director of Revenue*, 439 S.W.3d 301, 302 (Mo.App.S.D.2014). ATXI's assertion to the contrary notwithstanding, the issues raised in the cross-motions for summary judgment in this case are not remotely intertwined, and that exception would clearly not apply to this case.