IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 MISSOURI STATE CONFERENCE OF )
 THE NATIONAL ASSOCIATION FOR )
 THE ADVANCEMENT OF COLORED )
 PEOPLE, LEAGUE OF WOMEN )
 VOTERS OF MISSOURI, and )
 CHRISTINE DRAGONETTE, )
 )
 WD84028
 Appellants, )
 v. )
 OPINION FILED:
 )
 September 28, 2021
 )
 STATE OF MISSOURI and JOHN R. )
 ASHCROFT, IN HIS OFFICIAL )
 CAPACITY AS MISSOURI )
 SECRETARY OF STATE, )
 )
 Respondents. )

 Appeal from the Circuit Court of Cole County, Missouri
 The Honorable Jon E. Beetem, Judge

 Before Division Three: Edward R. Ardini, Jr., Presiding Judge, and
 Mark D. Pfeiffer and W. Douglas Thomson, Judges

 The Missouri State Conference of the National Association for the Advancement of

Colored People (“MoNAACP”), the League of Women Voters of Missouri (“MoLWV”), and

Ms. Christine Dragonette (“Dragonette”) (collectively, “Appellants”) appeal from the judgment

entered by the Circuit Court of Cole County, Missouri (“trial court”), in favor of the State of
Missouri (“State”) and John R. Ashcroft, in his official capacity as Missouri Secretary of State

(“Secretary of State”) (collectively, “Respondents”). Appellants assert that because the trial court

dismissed their claims on the grounds of standing, ripeness, and mootness, the trial court erred in

dismissing the claims “with prejudice.” We agree and enter the judgment the trial court should

have entered.

 Factual and Procedural Background1

 In 2016, the Missouri General Assembly passed House Bill No. 1631, which repealed and

replaced section 115.427 of the Missouri Revised Statutes with new text (“Voter ID Law”). The

Voter ID Law required persons seeking to vote in a public election to establish their identity and

eligibility to vote at the polling place by presenting one of a number of specified forms of personal

identification: photo identification, a statutorily specified affidavit and authorized form of

non-photo identification, or a conditional provisional ballot. The Voter ID Law also imposed

obligations upon the Secretary of State, the Department of Revenue, and other government

agencies and entities. The Secretary of State was required to “provide advance notice of the

personal identification requirements . . . in a manner calculated to inform the public generally of

the requirement for forms of personal identification as provided in this section.” The Voter ID

Law went into effect on June 1, 2017.

 On June 8, 2017, MoNAACP and MoLWV filed a petition for declaratory and injunctive

relief against the State and state officials alleging that the newly effective statute was

unenforceable because the state legislature did not appropriate sufficient funds from the general

revenue for the purpose of paying the costs associated with its implementation. Subsequently,

 1
 We incorporate portions of the factual and procedural background from our opinion in State Conference of
National Association for Advancement of Colored People v. State, 563 S.W.3d 138, 142-46 (Mo. App. W.D. 2018),
without further attribution.

 2
Appellants filed a first amended petition, which the trial court dismissed without prejudice. The

trial court granted Appellants leave to file their second amended petition. The Secretary of State

and the State each filed answers and moved for judgment on the pleadings. Thereafter, the trial

court dismissed Appellants’ second amended petition without prejudice. Appellants appealed, and

this Court reversed the trial court’s grant of dismissal and judgment on the pleadings and remanded

the cause.

 The trial court reopened the case on November 21, 2018. Thereafter, Appellants moved

for leave to file a third amended petition. The trial court granted the motion, and Appellants filed

a Third Amended Petition for Injunctive and Declaratory Relief on June 18, 2019. In Count I of

the Third Amended Petition, Appellants asserted that subsection 115.427.1 could not be enforced

pursuant to subsection 115.427.6(3) because “[t]here have not been sufficient appropriations of

state funds from the general revenue of this state for the purpose of paying the costs associated

with Section 115.427.” Appellants requested relief from the trial court, including requests to enter

a declaratory judgment that the identification requirements of subsection 115.427.1 may not be

enforced, and to issue a permanent injunction prohibiting Respondents and anyone acting in

concert with them from enforcing subsection 115.427.1. In Count II, Appellants asserted that the

Secretary of State misled the public in violation of the requirement in subsection 115.427.5 that

the Secretary of State provide advance notice “in a manner calculated to inform the public

generally” about the Voter ID Law. Appellants requested relief from the trial court, including

requests to:

 A. Issue an injunction barring the Secretary of State from telling the public that
 there is a photo ID requirement and/or from instructing poll workers to ask for
 photo IDs when voters come to the polls;

 B. Issue an injunction directing the Secretary of State to provide public notice that
 there is no photo ID required for voting in Missouri;

 3
 C. Issue an injunction directing the Secretary of State to provide correct information
 to the public about the non-photo options;

 D. Issue an injunction directing the Secretary of State to take down misleading
 advertisements that are still being used or made available to the public[.]

Respondents filed an Answer to the Third Amended Petition, denying Appellants’ standing

allegations and including as affirmative defenses that Appellants’ lacked standing to assert their

claims, their claims were not ripe for judicial determination, and their claims are or may become

moot.

 The trial court held a bench trial from August 19-23, 2019, hearing evidence from more

than a dozen witnesses. On January 15, 2020, the trial court requested counsel to advise the court

by memorandum as to the effect, if any, of the Missouri Supreme Court’s opinion issued the day

before in Priorities USA v. State, 591 S.W.3d 448 (Mo. banc 2020). In Priorities USA, the

Missouri Supreme Court affirmed the circuit court’s judgment declaring the Voter ID Law’s

affidavit requirement unconstitutional. The Court also upheld the circuit court’s injunctions,

which enjoined the State from requiring individuals who vote under the non-photo identification

option to execute an affidavit and from disseminating materials indicating photo identification is

required to vote. Id. at 461.

 Appellants argued that the Priorities USA decision did not moot Count I because the

decision did not grant the relief requested in Count I—to enjoin poll workers from asking voters

to present photo identification at the polls. Appellants also argued that the Priorities USA relief,

enjoining Respondents’ misleading advance notice campaign, did not require Respondents to

correct the existing misinformation they created, the relief Appellants sought in Count II in order

to redress voters’ ongoing injuries. Respondents argued that Priorities USA granted the only relief

sought by Appellants—a declaration and injunction directing that the Voter ID Law’s personal

 4
identification requirements cannot be enforced—rendering Appellants’ Count I moot.

Respondents also argued that Priorities USA mooted Count II in that the Priorities USA decision

enjoined the Secretary of State from disseminating misleading material regarding personal

identification requirements.

 On April 20, 2020, the trial court entered its Judgment, dismissing Count I “with prejudice”

for lack of standing or mootness, and dismissing Count II “with prejudice” as either being moot or

not ripe. The trial court found that “[w]hile Plaintiffs have alleged facts which if true, would

establish an insufficient appropriation thus precluding the enforcement of the photo ID

requirement, they lack standing to bring those claims.” The trial court based its dismissals for

mootness on the Missouri Supreme Court’s decision in Priorities USA, finding that “[t]he

prohibitory injunctions of Priorities USA essentially [are] the same as prayed for in this case and

to that extent those claims are moot.” On May 19, 2020, Appellants moved the trial court to modify

its Judgment to dismissals “without prejudice,” contending that because dismissals on mootness,

ripeness, and standing grounds implicate the justiciability of a claim and deprive courts of their

subject matter jurisdiction to reach the merits of a dispute, dismissals on those grounds should be

entered “without prejudice.” The trial court refused to modify its judgment and this appeal ensues.

 On appeal, Appellants do not challenge the trial court’s decision to dismiss their claims on

the basis that those claims were moot, not ripe, or that Appellants lacked standing to assert them.

Instead, in this appeal, Appellants challenge only the trial court’s denomination of the dismissal

as being “with prejudice.”

 Justiciability vs. Jurisdiction

 As a threshold matter, Appellants argue on appeal that where the trial court dismisses a

case for lack of standing, for mootness, or for ripeness, it ought to do so “without prejudice”

 5
because standing, mootness, and ripeness are “jurisdictional requirement[s] that go[ ] to the circuit

court’s subject matter jurisdiction.” Though it does not change the result of our ruling today, we

note that Appellants have improperly conflated a circuit court’s authority with its jurisdiction.

 To clarify, “[a]rticle V, section 14 [of the Missouri Constitution] sets forth the subject

matter jurisdiction of Missouri’s circuit courts in plenary terms, providing that the circuit court

shall have original jurisdiction over all cases and matters, civil and criminal.” Ground Freight

Expeditors, LLC v. Binder, 359 S.W.3d 123, 126 (Mo. App. W.D. 2011) (internal quotation marks

omitted). “Prior to the 2009 case of J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc

2009), standing was often referred to in terms of jurisdiction or, more specifically, subject matter

jurisdiction.” Bray v. Lee, 620 S.W.3d 278, 281 (Mo. App. E.D. 2021) (citing Schweich v. Nixon,

408 S.W.3d 769, 774 n.5 (Mo. banc 2013)). “However, in Webb, the Missouri Supreme Court

explained that the concept of standing is better understood as a matter of justiciability, that is, of a

court’s authority to address a particular issue when the party suing has no justiciable interest in the

subject matter of the action.” Id.

 Conversely, “[j]usticiability is a ‘prudential’ rather than a jurisdictional doctrine and, prior

to addressing the substantive issues [of a case], [a court] must determine whether a case meets the

requirements for a justiciable controversy.” Id. at 281-82. “‘A justiciable controversy exists where

(1) the plaintiff has a legally protectable interest, (2) a substantial controversy exists between

genuinely adverse parties, and (3) that controversy is ripe for judicial determination.’” Id. at 282

(quoting Schweich, 408 S.W.3d at 773). The first two elements encompass the concept of standing.

Id. The third element of justiciability is ripeness. Ameren Transmission Co. of Ill. v. Pub. Serv.

Comm’n, 467 S.W.3d 875, 879-80 (Mo. App. W.D. 2015). Standing is usually addressed first, and

the ripeness issue is reached only if the standing requirements are satisfied, as “there is no point in

 6
reaching the hypothetical issue whether the action would be timely if it could have been brought”

if the party is unable to show that it has standing to bring the action. Schweich, 408 S.W.3d at

774-75.

 Furthermore, “[m]ootness . . . implicates the justiciability of a controversy.” Norton v.

McDonald, 590 S.W.3d 450, 452 (Mo. App. W.D. 2020). “‘When an event occurs that makes a

court’s decision unnecessary or makes granting effectual relief by the court impossible, the case is

moot and generally should be dismissed.’” Id. (quoting D.C.M. v. Pemiscot Cnty. Juv. Off., 578

S.W.3d 776, 780 (Mo. banc 2019)).

 With this preliminary discussion, we now proceed to the substantive merits of Appellants’

complaint on appeal.

 Analysis

 Appellants assert three points on appeal, contending that the trial court erred in dismissing

“with” prejudice (i.e., instead of “without” prejudice): (1) Count I for lack of standing; (2) Counts I

and II for mootness; and (3) Count II based on ripeness. As discussed below, there is a plethora

of Missouri precedent requiring the remedy sought by Appellants. Thus, we agree with

Appellants’ position on appeal and order the modification to be made to the underlying judgment.

 Prior to addressing the merits of a case, a court must determine whether a case meets the

requirements for a justiciable controversy. Standing and ripeness are elements of justiciability and

mootness implicates justiciability. If a court disposes of a case on the grounds of standing,

ripeness, or mootness, it cannot reach the merits. See Borges v. Mo. Pub. Entity Risk Mgmt. Fund,

358 S.W.3d 177, 183 (Mo. App. W.D. 2012). However, “[a] dismissal with prejudice operates as

an adjudication upon the merits.” § 510.150. Rule 67.01 provides that “[a] dismissal with

 7
prejudice bars the assertion of the same cause of action or claim against the same party.”2

“Missouri courts have held that the purpose of Rule 67.01, as revised in 1973, is to extend

res judicata principles to cases which are dismissed with prejudice but where the merits were not

reached.” Boehlein v. Crawford, 605 S.W.3d 135, 142 (Mo. App. E.D. 2020) (footnote omitted)

(citing Williams v. Rape, 990 S.W.2d 55, 61 (Mo. App. W.D. 1999)).

 If a trial court dismisses a petition due to lack of standing, the dismissal should be “without

prejudice.” Schweich, 408 S.W.3d at 779 (stating that lack of standing precludes relief, and the

appellate court would issue the ruling that the trial court should have entered and dismiss the claims

without prejudice); Eaton v. Doe, 563 S.W.3d 745, 750 (Mo. App. E.D. 2018) (concluding that the

trial court properly dismissed the petition due to a lack of standing, but modified the dismissal to

be without prejudice, rather than with prejudice); Borges, 358 S.W.3d at 183-84 (concluding that

because the case was disposed of for lack of standing, the trial court should have dismissed the

petition without prejudice).

 Likewise, if a controversy is not ripe for review, the judgment of dismissal should be

“without prejudice.” Schweich, 408 S.W.3d at 779 (stating that relief was precluded because the

requirements for ripeness were not met, and the appellate court would issue the ruling that the trial

court should have entered and dismiss the claims without prejudice); Mo. Soybean Ass’n v. Mo.

 2
 Prior Rule 67.03 contained the same language as section 510.150: that a dismissal with prejudice operates
as an adjudication on the merits. In Denny v. Mathieu, 452 S.W.2d 114 (Mo. banc 1970), the Missouri Supreme Court
questioned the real meaning of Rule 67.03 and its effect:

 What does the rule mean when it says that a dismissal with prejudice ‘operates as an adjudication
 upon the merits?’ We conclude that such dismissal actually adjudicates nothing. What it really
 does, and what is intended by the rule, is that the dismissal with prejudice serves as a mechanism
 for the termination of litigation rather than adjudication of the issues therein involved.

Id. at 118. “Rule 67.03 [now Rule 67.01] was subsequently amended in 1973 to its current version[,]” which more
accurately reflects the effect of the entry of a dismissal with prejudice. Boehlein v. Crawford, 605 S.W.3d 135, 142
n.1 (Mo. App. E.D. 2020).

 8
Clean Water Comm’n, 102 S.W.3d 10, 29 (Mo. banc 2003) (“[B]ecause the controversy is not ripe

for review, the judgment of dismissal is modified to one without prejudice.”); Schultz v. Warren

Cnty., 249 S.W.3d 898, 901-02 (Mo. App. E.D. 2008) (modifying the circuit court’s judgment of

dismissal to explicitly state that the dismissal is due to lack of ripeness and is one without

prejudice).

 Finally, if a case is moot, the judgment of dismissal should generally be “without

prejudice.” Friends of the San Luis, Inc. v. Archdiocese of St. Louis, 312 S.W.3d 476, 485 (Mo.

App. E.D. 2010) (remanding the case to the circuit court with instructions to vacate its judgment

and to dismiss the petition without prejudice due to the mootness of the controversy).

 Accordingly, we conclude that the trial court erred in dismissing Counts I and II of

Appellants’ Petition “with prejudice.”

 Points I, II, and III are granted.

 Conclusion

 The substantive basis for the trial court’s dismissal of Counts I and II of the underlying

petition has not been challenged and is, thus, affirmed. However, for the reasons stated in today’s

ruling, the trial court’s decision to dismiss Counts I and II “with prejudice” was erroneous and

must be modified. Pursuant to Rule 84.14, we enter such judgment as the trial court ought to have

given and modify the judgment so that the dismissal below as to Counts I and II is “without

prejudice.” In all other respects, the judgment is affirmed.

 /s/Mark D. Pfeiffer
 Mark D. Pfeiffer, Judge

Edward R. Ardini, Jr., Presiding Judge, and W. Douglas Thomson, Judge, concur.

 9